**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUNZA G LIMITED,<br><br>             Plaintiff,<br><br>   v.<br><br>LOVE AND BIKINIS, INC.,<br><br>          Defendant. | Civil Action No. 25-8487<br><br>**COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Hunza G Limited ("Hunza G"), for its Complaint against Defendant Love and Bikinis, Inc. ("Love & Bikinis"), alleges, with knowledge concerning its own acts and on information and belief as to all other matters (unless otherwise specifically stated), as follows:

### Nature of Action

1.      The Hunza brand was born in the 1980s, and quickly stood out as a fashion pioneer, known for innovative, textured fabrics and body-conscious silhouettes.  Among those fabrics was its one-of-a-kind "crinkled" material—a highly textured, ultra-stretch fabric that hugged and stretched in all the right places.  Throughout the 1980s and 1990s, the brand became iconic, with even a zeitgeist moment in *Pretty Woman* when Julia Roberts wore a now-famous Hunza mini dress.

2.      In 2015, Hunza G refreshed and relaunched the Hunza brand, bringing back its original, iconic textured fabric, which it has marketed as The Original Crinkle™ (the "Original Mark") since at least 2018, in an homage to the Hunza brand's longstanding iconic status and pioneering heritage.  Hunza G has continued to build on the brand's original roots, carving out a distinct niche in textured, stretch fabric and iconic body-conscious, one-size-fit swimwear made from that textured, stretch fabric.  Hunza G has since successfully registered THE ORIGINAL CRINKLE internationally in multiple countries (International Register No. 1801968).

3.      Iconic firsts are often followed by a wave of copycat seconds, thirds, and fourths. This case is about one of those later attempted imitations of an iconic original.  Reportedly founded in 2019, Love & Bikinis has also started to sell textured women's swimwear.  In connection with those efforts, it applied to register the trademark THE ORIGINAL CRINKLE (the "Infringing Mark") with the United States Patent & Trademark Office ("USPTO").  *See* U.S. App. Nos. 97841170, 97980736.  Love & Bikinis, however, uses this phrase in a false,

US-DOCS\164946651.1

misleading, and confusing manner.

4.      Given the identical nature of the Original Mark and the Infringing Mark and the overlapping nature of the parties' businesses, consumers and the public will likely suffer confusion and mistakenly believe that Love & Bikinis' goods are endorsed, approved, sponsored by, or affiliated, connected, or associated with Hunza G, when they are not.

5.      Accordingly, Hunza G brings this Complaint against Love & Bikinis for federal trademark infringement and false advertising in violation of the Lanham Act, 15 U.S.C. § 1051, et seq., and common law trademark infringement and unfair competition under New York law.

## The Parties

6.      Hunza G is a UK limited company with its principal place of business at 51-52 Frith Street, London, United Kingdom, W1D 4SH.

7.      Love & Bikinis is a Texas corporation and, on information and belief, and based on Love & Bikinis' filings with the USPTO, its principal place of business is at 11391 Meadowglen Lane, Suite K, Houston, Texas 77082.

## Jurisdiction and Venue

8.      Pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), this Court has subject matter jurisdiction over Hunza G's claims for violation of the Lanham Act.  Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over Hunza G's state law claims because the claims are joined with substantial and related claims under the Lanham Act.  This Court also has supplemental jurisdiction over Hunza G's state law claims pursuant to 28 U.S.C. § 1367(a) because all of Hunza G's claims arise out of a common nucleus of operative facts.

9.      This Court has personal jurisdiction over Love & Bikinis because it has (a) sold goods in the State of New York and this District; (b) derived financial benefits from residents of

the State of New York; and (c) purposefully availed itself of the privilege of conducting business in the State of New York, including as described further below.

10.    Venue in this Court exists under 28 U.S.C. § 1391(b)(2) because Love & Bikinis transacts business in this District and has caused harm in this District, and a substantial part of the events giving rise to Hunza G's claims occurred in this District.

## Facts Common to All Claims for Relief

### *Hunza G's Brand And Intellectual Property Rights*

11.    Founded in 1984, Hunza gained widespread recognition in the late 1980s and early 1990s for its innovative textured, ultra-stretch fabric and iconic body-conscious swimwear. Hunza, and its innovative fabric, became instantly recognizable in the 1990s, including as a result of an iconic cultural moment in 1990, when Julia Roberts donned a very memorable blue and white Hunza mini-dress in the blockbuster hit *Pretty Woman*.

12.    In 2015, the Hunza brand was refreshed and re-launched as Hunza G, with a renewed focus on modernizing the original concept: one-size-fit swimwear crafted in its distinctive stretch fabric.

13.    Hunza's early designs from the 80s and 90s laid the foundation for the one-size-fit silhouette that remains the hallmark of the brand today.  To this day, Hunza G's marketing regularly invokes its historic roots and longstanding use of textured fabric.  For example, a 2024 article reported on Hunza G's "nostalgic campaign" to mark "40 years of its celebrated crinkle bikini," "[e]mphasi[z]ing the timeless elegance and longevity of the heritage swimwear brand."[1]

---

[1]  *Hunza G Celebrates 40 Years Of The Crinkle Bikini With A Nostalgic Spring Campaign*, Clash Music (Feb. 2, 2024), https://www.clashmusic.com/fashion/hunza-g-celebrates-40-years-of-the-crinkle-bikini-with-a-nostalgic-spring-campaign/.

US-DOCS\164946651.1

14.     As another example, Hunza G's social media posts often harken back to its origins:[2]

  

15.     Building on its iconic history, Hunza G's success has continued.  For example, a recent article credited Hunza G as the "cult favourite" leading the "crinkle trend."[3]  Other articles have observed that "Hunza's suits have become go-tos among the A-list"[4] and deemed the brand's swimwear "iconic" and "now so popular [that] you can spot the textured styles in a

---

[2]  https://www.instagram.com/p/DObRJ2tCDgy/; https://www.instagram.com/p/DOEHI37iOj3/; https://www.instagram.com/p/DOJWPkyCHpv/.

[3]  *Victoria's Secret drops new swimwear including a £35 crinkle swimsuit that rivals £175 designer alt*, Echo (May 2, 2025), https://www.liverpoolecho.co.uk/whats-on/shopping/victorias-secret-drops-new-swimwear-31549442.

[4]  *All Expensive-Looking Swimwear Has This One Thing in Common*, Who What Wear (last updated June 19, 2024), https://www.whowhatwear.com/crinkle-swimwear.

US-DOCS\164946651.1

plethora of cool colours a mile off."[5]  Commentators frequently credit Hunza G for its "Original Crinkle"[6] and "signature crinkle fabric."[7]  Another advised, "There's no way you haven't seen Hunza G's flattering crinkled swimsuits all over Instagram."[8]

16.    Since at least 2018, Hunza G has used the slogan "The Original Crinkle" to formally codify its pioneering role in developing the iconic, textured, ultra-stretch swimwear category and to reflect the uniqueness of its one-size-fit approach.  The mark is intended to distinguish Hunza G as the brand that originated, popularized, and refined the crinkle aesthetic into a modern, global phenomenon.

---

[5]  *It's True: Every Fashion Person We Know Owns Swimwear from This Iconic Brand*, Who What Wear (last updated June 5, 2024), https://www.whowhatwear.com/hunza-g-swimwear.

[6]  *We tested Hunza G's one-size swimsuits on sizes 4 to 14 — here's our honest review*, CNN Underscored (July 24, 2024), https://www.cnn.com/cnn-underscored/reviews/hunza-g-swimsuit.

[7]  *Hunza G Drops New Core Collection Campaign Showcasing Suits Perfect for Late Summer*, Sports Illustrated Swimsuit (Aug. 18, 2025), https://swimsuit.si.com/fashion/hunza-g-drops-new-core-collection-campaign.

[8]  *This One-Size-Fits-All Swimwear Brand Is Behind Pretty Woman's Most Iconic Look*, PopSugar (May 20, 2020), https://www.popsugar.com/fashion/hunza-g-fashion-interview-47489254.

US-DOCS\164946651.1

17.     Hunza G began using the Original Mark in its social media marketing in 2018 and has been consistently using the mark since then.  For example, some of Hunza G's more recent posts to its Instagram page, which has over 500,000 followers, are below:[9]

  

18.     Consistent with the above, Hunza G uses its distinctive Original Mark throughout the United States—both on its website (*hunzag.com*), which is both accessible in and ships throughout the United States and New York, and as well as through retailers selling Hunza G's distinctive, the Original Mark-branded products.

19.     Indeed, the Original Mark is used throughout Hunza G's website (*hunzag.com*). For example, the website's homepage proclaims:  "We are The Original Crinkle™ – one size fit. Making every body feel good since 1984."

---

[9]  https://www.instagram.com/p/DJZL05moHok/; https://www.instagram.com/reel/C60y8kGhbbM/; https://www.instagram.com/p/C5ROfh4I021/.

US-DOCS\164946651.1

20.    As another example, to "celebrate 40 years of the Original Crinkle™," Hunza

offers the below "80s Logo Sweatshirt" for sale on *hunzag.com*:[10]



21.    As yet another example, Hunza G's *Our Story* page explains:[11]



---

[10] *80s Logo Sweatshirt*, Hunza G, https://www.hunzag.com/products/80s-logo-sweatshirt-black (last visited Oct. 13, 2025).

[11] *Our Story:  The World of Hunza G*, Hunza G, https://www.hunzag.com/pages/about (last visited Oct. 13, 2025).

US-DOCS\164946651.1

22.    Hunza G's swimwear is also available throughout the United States through retailers, including Nordstrom, Bloomingdales, REVOLVE, Everything But Water, Clic, Shopbop, Soleil Blue, Bergdorf Goodman, and Saks Fifth Avenue.  For example, shown below is a product listing for a Hunza G swimsuit from *nordstrom.com*:[12]



23.    Hunza G has also incorporated the Original Mark into its wholesale messaging and trade markets, and also uses the Original Mark in connection with wholesale e-commerce websites.

24.    As a result of Hunza G's efforts, consumers, its partners, retailers, and the market

---

[12] *Dallas Original Crinkle™ One-Piece Swimsuit*, Nordstrom, https://www.nordstrom.com/s/dallas-original-crinkle-one-piece-swimsuit/8196450 (last visited Oct. 13, 2025).

US-DOCS\164946651.1

at large have come to recognize and associate the Original Mark with Hunza G and its brand. Further, as a result of Hunza G's longtime and continuous use of the Original Mark, the mark has become well-known and is widely recognized as identifying goods that originate from Hunza G.

25.     Hunza G has also successfully registered the Original Mark internationally in multiple countries (International Register No. 1801968) in:

    a.  Class 18 for "*luggage, bags, wallets and carrying bags; beach bags; leather and imitation leather; umbrellas and parasols; walking sticks; whips, harness and saddlery; collars, leashes and clothing for animals; accessories, parts and fittings relating to the aforementioned goods*";

    b.  Class 24 for "*fabrics; textile fabrics; swimwear fabric; towels; textiles and substitutes for textiles; household linen; curtains of textile or plastic; accessories, parts and fittings relating to the aforementioned goods*";

    c.  Class 25 for "*clothing; footwear; headgear; neckwear; gloves; underwear; swimwear; lingerie; accessories, parts and fittings relating to the aforementioned goods*"; and

    d.  Class 35 for "*online, offline and mail-order retail and wholesale services relating to: articles of clothing, dresses, skirts, footwear, headgear, neckwear, gloves, underwear, swimwear, lingerie, luggage, bags, wallets and other carriers, beach bags, leather and imitation leather, umbrellas and parasols, walking sticks, whips, harness and saddlery, collars, leashes and clothing for animals, fabrics, textile fabrics, swimwear fabric, towels, textiles and substitutes for textiles, household linen, curtains of textile or plastic and fashion accessories; providing online marketplaces for sellers*

US-DOCS\164946651.1

> *of goods and or services; provision of an online marketplace for buyers*
> *and sellers of goods and services; advice, consultancy and information*
> *relating to the aforementioned services*."

26.     On February 28, 2024, Hunza G applied to register the Original Mark with the USPTO.  *See* U.S. App. No. 79400981 (the "981 Application").

27.     Hunza G has invested considerable time, effort, and expense in establishing and protecting the Original Mark, thereby developing a valuable reputation and goodwill in the mark, as well as strong common law rights.  Hunza G considers the Original Mark to be one of its most valuable assets.

### *Love & Bikinis' Infringing Activities*

28.     On information and belief, Love & Bikinis was founded in 2019 and is a swimsuit retailer that uses the Infringing Mark to market and sell its swimsuits.

29.     Love & Bikinis operates an online retail store at *www.loveandbikinis.com.* Through this online store, Love & Bikinis sells and markets swimsuits throughout the United States and to New York residents.

30.     Love & Bikinis' swimwear is also sold throughout the United States, including in New York, via retailers.  For example, Love & Bikinis swimwear is available through Clic, a company that is headquartered in New York City at 241 Centre Street, 2nd floor, New York, New York 10013, and has two retail locations for "fashion" in New York City (140 West Broadway, New York, New York 10013; 1242 Madison Ave, New York, New York 10128).  As another example, Love & Bikinis' swimwear is also available through Everything But Water, which has two retail locations in New York City (3 East 17th Street, New York, New York 10003; 1060 Madison Avenue, New York, New York 10028).

US-DOCS\164946651.1

31.     Love & Bikinis also advertises its online store and products on social media platforms, such as Instagram, Facebook, and X (f/k/a Twitter) (the "Social Media Accounts"). The Social Media Accounts are accessible by consumers throughout the United States and New York residents.  Love & Bikinis' social media posts have specifically targeted New York residents, by tagging New York as its post location:[13]





[13] https://www.instagram.com/p/DE8ArAuTUcQ/ (highlighting added); https://www.instagram.com/p/DGYdS88TBOY/ (highlighting added); https://www.facebook.com/loveandbikinis/posts/-the-dubai-set-a-best-seller-you-cant-miss-our-dubai-set-has-stolen-the-spotligh/1186089756853784/ (highlighting added).



32.     Additionally, Love & Bikinis has also been promoted in *New York Magazine*, which in turn has even led to negative consumer sentiment, with one online reviewer remarking regarding Love & Bikinis' return policy:[14]

> . . . Given this, one must wonder that if Love & Bikinis is so hyper-focused on 'hygiene' what it is that they do with returned merchandise in order to shield other consumers from receiving bathing suits that have previously been tried on and returned. Do they burn them? Recycle the materials? Are we to believe that every single bathing suit they send to every single customer is brand spanking new? This is yet more obfuscation on the part of this awful company that somehow gets great reviews in established publications, ***like New York Magazine***--reviews that sadly lead consumers into the Love & Bikinis lion's den. While I did not ask for a refund at the outset of this long, time consuming, and upsetting process, merely for some guidance about returns, I did finally request a full refund for the horrible experience and inexcusable waste of my time. . . .

---

[14] *BUYER BEWARE!!*, Trustpilot (July 8, 2025), https://www.trustpilot.com/users/686d300d2f2478ed4b3df525 (emphasis added).

33.     In the course of its operations, Love & Bikinis claims that it uses the mark and phrase THE ORIGINAL CRINKLE to promote its swimwear.  However, Love & Bikinis' references to "the original crinkle" are false, misleading, and confusing, because Love & Bikinis did not originate crinkle swimwear and Love & Bikinis is not associated with, affiliated with, or in any relationship with Hunza G.  Rather, Hunza G's brand originated the crinkle swimwear category.  The misleading and confusing nature of Love & Bikinis' conduct is further confirmed by its filings with the USPTO, discussed below.

### *Love & Bikini's 170 Application*

34.     On March 15, 2023, Love & Bikinis filed an application with the USPTO for the Infringing Mark (U.S. App. No. 97841170; the "170 Application"), to register THE ORIGINAL CRINKLE in Class 25 in connection with "*Beachwear; Bikinis; Dresses; Skirts; Bathing costumes; Bathing costumes for women; Bathing suits; Beach cover-ups; Beach coverups; Head wear; Headwear; Swim wear; Swimwear; Knit skirts; Thong beachwear*."  Love & Bikinis represented to the USPTO that "the applicant or the applicant's related company or licensee predecessor . . . first used [the mark] in commerce at least as early as" August 6, 2021.

35.     In connection with the 170 Application, Love & Bikinis' counsel, Gary Katz, declared that he believed Love & Bikinis "own[ed] . . . the trademark/service mark sought to be registered"; "[t]he mark is in use in commerce"; "[t]he specimen(s) shows the mark as used on or in connection with the goods/services in the application"; and "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."  These averments were not true, because Hunza G, not Love & Bikinis, owns the Original Mark.

US-DOCS\164946651.1

36.     On December 14, 2023, the USPTO issued an Office Action refusing to register the 170 Application (the "First OA").  On June 14, 2024, Love & Bikinis filed a response to the First OA, asserting that "Applicants [*sic*] is the only company selling swim wear [*sic*] with THE ORIGINAL KRINKLE [*sic*] in the United States."  This is false.  Hunza G sells its iconic swimwear under the Original Mark in the United States, both on its website and in retail stores.

37.     Love & Bikinis also asserted that its use of the Infringing Mark underscores a "unique brand awareness and exclusive association with a distinctive fabric that only the applicant can sell in the United States."  Love & Bikinis went on to say that "'Original' implies uniqueness, authenticity, and being the first of its kind.  It sets your product apart from others in the marketplace as the original material."  Love & Bikinis, however, did not originate the Original Mark—Hunza G did.

38.     On August 26, 2024, the USPTO issued a second Office Action refusing to register the 170 Application (the "Second OA").  On February 26, 2025, Love & Bikinis filed a response to the Second OA, arguing that the Infringing Mark "underscores a **unique identity** and proven heritage in the market" (emphasis in original).  While true, the "unique identity" and "proven heritage" that underscore the Original Mark belong to Hunza G—not Love & Bikinis. Instead, Love & Bikinis is blatantly attempting to capitalize on Hunza G's mark and the associated goodwill.

39.     On May 22, 2025, the USPTO issued a Final Office Action denying registration of the 170 Application.

40.     On June 13, 2025, Love & Bikinis requested to divide its application for the Infringing Mark (the "Request to Divide"), separating the 170 Application into (i) a "parent" application for beachwear, beach cover-ups, beach coverups [*sic*], head wear, headwear [*sic*],

swim wear, and swimwear [sic] (the "170 Parent Application"); and (ii) a "child" application for bikinis, bathing costumes, bathing costumers for women [sic], bathing suits, and thong beachwear.  The Request to Divide was subsequently processed on September 26, 2025, and the "child" application was renumbered as U.S. Application No. 97980736.

41.    Also on June 13, 2025, Love & Bikinis filed a Request for Reconsideration after Final Action, requesting to amend the 170 Parent Application to seek registration on the Supplemental Register.  In its Request for Reconsideration, Love & Bikinis stated that it "reserve[d] the right to continue pursuing registration on the Principal Registration for the remaining goods in the child application."

42.    On August 22, 2025, Love & Bikinis initiated an *ex parte* appeal to the U.S. Trademark Trial and Appeal Board regarding the 170 Application.

### *Hunza G Is Harmed By Love & Bikinis' Continuing Infringement And Unlawful Conduct*

43.    In light of Hunza G's renown, online presence, and long history of providing goods under the Original Mark, Hunza G is understandably concerned that consumers will likely be confused and mistakenly believe that Love & Bikinis' goods, which overlap with those offered by Hunza G, are endorsed, approved, or sponsored by, or affiliated, connected, or associated with Hunza G—when they are not.

44.    Love & Bikinis competes directly with Hunza G by offering the same goods and services, including swimwear and online retail store services, albeit of lesser quality.  As Love & Bikinis and Hunza G are competitors, Love & Bikinis is diverting consumers and business away from Hunza G by capitalizing on the goodwill associated with the Original Mark.

45.    For example, both parties sell textured swimwear, including women's one-piece swimsuits and bikinis, which increases the likelihood of confusion.  An illustrative set of

US-DOCS\164946651.1

examples is below, showing the similarities between the parties' products, including certain of

Hunza G's best-selling silhouettes:



| Hunza G | Love & Bikinis |
|---|---|
| Square Neck Swim (*Emerald*)[15] | Athens Square Neck One Size One Piece Swimsuit (*Jade Green*)[16] |
| Coverage Nancy Swim (*Black*)[17] | Amalfi Coast One Shoulder One Size One Piece Swimsuit (*Black*)[18] |

---

[15] *Square Neck Swim (Emerald)*, Hunza G, https://www.hunzag.com/products/square-neck-swim-emerald (last visited Oct. 13, 2025).

[16] *Athens Square Neck One Size One Piece Swimsuit (Jade Green)*, Love & Bikinis, https://loveandbikinis.com/collections/one-piece/products/athens-square-neck-one-size-one-piece-swimsuit (last visited Oct. 13, 2025).

[17] *Coverage Nancy Swim (Black)*, Hunza G, https://www.hunzag.com/products/coverage-nancy-swim-black (last visited Oct. 13, 2025).

[18] *Amalfi Coast One Shoulder One Size One Piece Swimsuit (Black)*, Love & Bikinis, https://loveandbikinis.com/collections/one-piece/products/amalfi-coast-one-shoulder-one-size-one-piece-bikini-swimsuit?variant=42134933864617 (last visited Oct. 13, 2025).

US-DOCS\164946651.1



| Hunza G | Love & Bikinis |
|---------|----------------|
| Jean Bikini (*Lilac*)[19] | Palma Bandeau Bow Classic One Size Bikini Set (*Lilac*)[20] |

46.     Additionally, the parties advertise on overlapping channels, which further increases the likelihood of confusion.  For example, both parties advertise prominently through social media channels, including Instagram, Facebook, and TikTok.

47.     The parties' products are also sold through overlapping channels, which also increases the likelihood of confusion.  Both parties sell their products online and via wholesale. Multiple retailers carry both parties' products, including Everything But Water and Clic.

48.     Love & Bikinis' Office Action responses similarly indicate that Love & Bikinis intends to capitalize on the goodwill Hunza G has developed in the Original Mark.

49.     The potential confusion between the parties' products, and Love & Bikinis' misleading use of "the original crinkle," are especially concerning to Hunza G given the negative

---

[19] *Jean Bikini (Lilac)*, Hunza G, https://www.hunzag.com/products/jean-bikini-lilac (last visited Oct. 13, 2025).

[20] *Palma Bandeau Bow Classic One Size Bikini Set (Lilac)*, Love & Bikinis, https://loveandbikinis.com/collections/bikini-sets/products/palma-bandeau-bow-classic-one-size-bikini-set?variant=42946485584041 (last visited Oct. 13, 2025).

US-DOCS\164946651.1

reviews of Love & Bikinis' products and customer service online.

50.     For example, as of October 2025, Trustpilot—an online platform where consumers can post reviews—shows Love & Bikinis with a "Poor" rating of 2 out of 5 stars:[21]



51.     The page contains multiple negative reviews, including one as recent as September 3, 2025, where a customer reports that Love & Bikinis is "shady" and sent the customer "an open and damaged suit."[22]  Another review, dated August 29, 2025, calls Love & Bikinis "The WORST company," and reports, "This has been one of the most disappointing customer service experiences I've EVER encountered."[23]  Yet another, dated April 17, 2025, is titled "Buyer beware/SCAM!!!!" and reports "WORST customer service I have ever received," calling Love & Bikinis a "Scam company for sure!  I'm currently filing a complaint with the

---

[21] Love & Bikinis, Trustpilot, https://www.trustpilot.com/review/loveandbikinis (last visited Oct. 13, 2025).

[22] *I was sent an open and damaged suit*, Trustpilot (Sept. 3, 2025), https://www.trustpilot.com/reviews/68b89c526cad1ace00df13f1.

[23] *The WORST company - BEWARE!!!!*, Trustpilot (Aug. 29, 2025), https://www.trustpilot.com/reviews/68b2191e2738051ba10dc7c2.

Better Business Bureau.  DO NOT BUY FROM THEM!!!!"[24]  The reviews also comment negatively on the quality of Love & Bikinis' products, with reviewers noting things like their Love & Bikinis' swimsuit "goes 'see thru' when it gets wet and was sold to me with a hole in it too,"[25] "arrived with faulty stitching,"[26] or is "[t]oo expensive for how bad the quality is."[27]

52.    On July 30, 2025, Hunza G sent a letter to Love & Bikinis, explaining that Love & Bikinis was infringing Hunza G's intellectual property rights.  Hunza G attempted to reconcile its concerns with Love & Bikinis, but Love & Bikinis refused to cease use of its Infringing Mark.

53.    Given Love & Bikinis' failure to address Hunza G's concerns, its continuing use of the Infringing Mark, and its determination to cause consumer confusion, Hunza G is forced to bring this suit to fully litigate and resolve the issues between the parties.

54.    Love & Bikinis' continued use of the confusingly similar Infringing Mark violates Hunza G's valuable intellectual property rights in the Original Mark, and Love & Bikinis' knowing, intentional, willful, and malicious use of the Infringing Mark is damaging to Hunza G and Hunza G's property.

55.    Love & Bikinis has used the Infringing Mark to unfairly usurp and capitalize on the value and goodwill of the Original Mark.  Love & Bikinis is aware of Hunza G's strong trademark rights and reputation in the marketplace, but nevertheless attempts to use the Infringing Mark to profit from the goodwill associated with the Original Mark.

---

[24] *Buyer beware/SCAM!!!!*, Trustpilot (Apr. 17, 2025), https://www.trustpilot.com/reviews/6801af79cb594223e41648a2.

[25] *This swimwear brand provides the worst…*, Trustpilot (Mar. 31, 2024), https://www.trustpilot.com/reviews/660919dfcafd2ad00402d652.

[26] *I was sent an open and damaged suit*, Trustpilot (Sept. 3, 2025), https://www.trustpilot.com/reviews/68b89c526cad1ace00df13f1.

[27] *Wore this really expensive swimsuit…*, Trustpilot (June 28, 2025), https://www.trustpilot.com/reviews/686012c25625434fe8969a30.

US-DOCS\164946651.1

56.     Further, notwithstanding the status of the 170 Application, it has prevented Hunza G's 981 Application from registering in the United States.  More specifically, the USPTO suspended the 981 Application, in light of the 170 Application.

57.     Due to Love & Bikinis' willful infringement and unlawful conduct, Hunza G is now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights.  Hunza G had to retain counsel and incur substantial fees and costs (and it continues to incur those fees and costs) to prosecute this suit and pursue its claims.

58.     Hunza G's interest in protecting its intellectual property rights and its products and services from consumer confusion outweigh any harm to Love & Bikinis.  The public interest is best served by granting Hunza G's requested relief against Love & Bikinis.

## FIRST CLAIM FOR RELIEF

### Federal Unfair Competition/False Designation of Origin – 15 U.S.C. § 1125(a)

59.     Hunza G incorporates by reference the factual allegations set forth above.

60.     The Original Mark is strong and distinctive and designates Hunza G as the source of all goods and services advertised, marketed, sold, or used in connection with the Original Mark.  In addition, by virtue of Hunza G's years of use of the Original Mark in connection with its products and services, and its extensive marketing, advertising, promotion, and sale of its products and services under the Original Mark, the mark has acquired secondary meaning, whereby the consuming public of this District, the State of New York, and the United States associate the Original Mark with a single source of products and services.

61.     Hunza G is the senior user of the Original Mark as it began use of this mark in interstate commerce prior to Love & Bikinis' first use of the Infringing Mark.

62.     Love & Bikinis was aware of the Original Mark as it was on actual notice based

US-DOCS\164946651.1

on Hunza G's longstanding use of the Original Mark and correspondence from Hunza G about this trademark.  Thus, Love & Bikinis' unauthorized use of the confusingly similar Infringing Mark was and is knowing, intentional, and willful.

63.    Through its use of the confusingly Infringing Mark, Love & Bikinis intended to confuse and mislead consumers into believing, and misrepresented and created the false impression, that Hunza G somehow authorized, originated, sponsored, approved, licensed, or participated in Love & Bikinis' use of the confusingly similar Infringing Mark.

64.    In fact, there is no connection, association, or licensing relationship between Hunza G and Love & Bikinis, nor has Hunza G ever authorized, licensed, or given permission to Love & Bikinis to use the Original Mark in any manner.

65.    Love & Bikinis' use of the Infringing Mark will likely cause confusion as to the origin and authenticity of Love & Bikinis' goods and services and will likely cause others to believe that there is a relationship between Love & Bikinis and Hunza G, when there is not.

66.    As a direct and proximate result of Love & Bikinis' wrongful conduct, Hunza G has been and will continue to be damaged.

67.    Love & Bikinis' actions thus constitute false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

68.    Unless an injunction is issued enjoining any continuing or future use of the Infringing Mark, such continuing or future use is likely to cause confusion, to cause mistake or to deceive as to source, origin, affiliation or sponsorship, and thereby to irreparably damage Hunza G.

69.    Love & Bikinis' activities have caused, and will continue to cause, irreparable harm to Hunza G, for which it has no adequate remedy at law, in that: (a) the Original Mark

comprises a unique and valuable property right that has no readily determinable market value;

(b) Love & Bikinis' infringement interferes with Hunza G's goodwill and customer relationships

and will substantially harm Hunza G's reputation as a source of high-quality swimwear; and

(c) Love & Bikinis' wrongful conduct, and the damages resulting to Hunza G, are continuing.

Accordingly, Hunza G is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

70.     Pursuant to 15 U.S.C. § 1117(a), Hunza G is entitled to an order: (a) requiring

Love & Bikinis to account to Hunza G for any and all profits it derived from its actions, to be

increased in accordance with applicable provisions of law; and (b) awarding all damages

sustained by Hunza G that were caused by Love & Bikinis' conduct.

71.     Love & Bikinis' conduct was intentional and without foundation in law, and,

pursuant to 15 U.S.C. § 1117(a), Hunza G is therefore entitled to an award of enhanced damages

against Love & Bikinis.

72.     Love & Bikinis' acts make this an exceptional case under 15 U.S.C. § 1117(a);

thus, Hunza G is entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Federal False Advertising - 15 U.S.C. § 1125(a)

73.     Hunza G incorporates by reference the factual allegations set forth above.

74.     Love & Bikinis has stated in its marketing and product descriptions that it is

"the original crinkle." This statement is literally false because Love & Bikinis is not the

"original" brand that began using and marketing swimwear under the distinct, crinkle-stretch

fabric. Hunza G is.

75.     This statement is also impliedly false because it implies that Love & Bikinis was

the first fashion brand to develop and market crinkle-stretch swimwear, when it was not.

76.     Love & Bikinis' statements that it is "the original crinkle" are likely to mislead and deceive consumers into thinking that Love & Bikinis is the first company to develop and market crinkle-stretch swimwear.

77.     Consumers care about purchasing goods and services from the "original" developer of those goods and services.  As Love & Bikinis has recognized, being the original carries a level of uniqueness and authenticity.  Accordingly, a claim of originality is material and influences purchasing decisions.

78.     Love & Bikinis' products are marketed and sold throughout the United States in interstate commerce, including in connection with its misrepresentations regarding "the original crinkle."

79.     As a direct and proximate result of Love & Bikinis' wrongful conduct, Hunza G has been and will continue to be damaged.

80.     Love & Bikinis' actions thus constitute false advertising in violation of the Lanham Act, 15 U.S.C. §1125(a).

81.     Unless an injunction is issued enjoining any continuing or future use of the phrase "the original crinkle," such continuing or future use is likely to deceive consumers, and thus irreparably damage Hunza G.

82.     Love & Bikinis' activities have caused, and will continue to cause, irreparable harm to Hunza G, for which it has no adequate remedy at law, in that Love & Bikinis' false advertising interferes with Hunza G's goodwill and customer relationships and will substantially harm Hunza G's reputation as a source of high-quality swimwear.  Love & Bikinis' wrongful conduct, and the damages resulting to Hunza G, are continuing.  Accordingly, Hunza G is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

83.     Pursuant to 15 U.S.C. §1117(a), Hunza G is entitled to an order: (a) requiring Love & Bikinis to account to Hunza G for any and all profits it derived from its actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by Hunza G that were caused by Love & Bikinis' conduct.

84.     Love & Bikinis' conduct was intentional and without foundation in law, and, pursuant to 15 U.S.C. § 1117(a), Hunza G is therefore entitled to an award of enhanced damages against Love & Bikinis.

85.     Love & Bikinis' acts make this an exceptional case under 15 U.S.C. § 1117(a); thus Hunza G is entitled to an award of attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

### Common Law Trademark Infringement

86.     Hunza G incorporates by reference the factual allegations set forth above.

87.     Hunza G has valid and protectable common law rights in the Original Mark.

88.     Hunza G is the senior user of the Original Mark.

89.     Love & Bikinis' conduct, as described above, constitutes infringement of Hunza G's common law rights in the Original Mark.

90.     Love & Bikinis' use of the confusingly similar Infringing Mark with unauthorized goods and services that compete with goods and services provided by Hunza G is likely to cause confusion as to the origin of Love & Bikinis' goods and services and is likely to cause others to believe that there is a relationship between Love & Bikinis and Hunza G, when there is not.

91.     Love & Bikinis' wrongful acts have permitted and will permit Love & Bikinis to receive substantial profits based on the strength of Hunza G's reputation and the substantial goodwill built up in the Original Mark.

US-DOCS\164946651.1

92.    As a direct and proximate result of Love & Bikinis' wrongful conduct, Hunza G has been and will continue to be damaged.

93.    Unless an injunction is issued enjoining any continuing or future use of the Infringing Mark by Love & Bikinis, such use is likely to continue to cause confusion and thereby irreparably damage Hunza G.  Hunza G has no adequate remedy at law and is thus entitled to such an injunction.

94.    Love & Bikinis has acted willfully, intentionally, and maliciously; therefore, Hunza G is entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

95.    Hunza G incorporates by reference the factual allegations set forth above.

96.    Hunza G has expended significant time and expense in developing the Original Mark and the high-quality products it markets, offers, and provides under that mark.  The Original Mark has been very successful and developed a substantial reputation and goodwill in the marketplace.

97.    Through its wrongful conduct, Love & Bikinis has misappropriated Hunza G's efforts and is exploiting the Original Mark and Hunza G's reputation, to market, offer, and provide its competing products under the confusingly similar Infringing Mark.  These actions constitute unfair competition.

98.    As a direct and proximate result of Love & Bikinis' wrongful conduct, Hunza G has been and will continue to be damaged.

99.    Unless an injunction is issued enjoining Love & Bikinis' unfairly competitive conduct, Hunza G will continue to be damaged irreparably.  Hunza G has no adequate remedy at

law.  Accordingly, Hunza G is entitled to an injunction.

100.    Love & Bikinis has acted willfully, intentionally, and maliciously; therefore, Hunza G is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Hunza G prays for the following relief:

A.    An injunction ordering Love & Bikinis, and its principals, officers, directors, members, partners, agents, servants, employees, authorized representatives, and attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, to:

1.    cease all use and never use the Infringing Mark, or any other mark likely to cause confusion with the Original Mark, in connection with the promotion, advertising, offering for sale, or sale, of any products or services;

2.    never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products/services offered, promoted, marketed, advertised, provided, or sold by Love & Bikinis are in any manner associated or connected with Hunza G, or are licensed, approved, or authorized in any way by Hunza G;

3.    never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that Love & Bikinis, or any of its goods or services, are related to, or authorized or sponsored by, Hunza G;

4.    never register any domain name or social media account that contains the

Original Mark or any misspelling or variation of that mark, or any domain

name or social media account confusingly similar to the Original Mark;

5.      never unfairly compete with Hunza G in any manner whatsoever, or

engage in any unfair, fraudulent, or deceptive business practices that relate

in any way to the distribution, marketing, sale, or provision of services

bearing the Infringing Mark; and

6.      never apply or seek to register any mark that is likely to cause confusion

with the Original Mark.

B.      An order, pursuant to 15 U.S.C. § 1118, requiring Love & Bikinis to deliver and

destroy within thirty days all advertising, marketing, and other materials bearing the Infringing

Mark.

C.      An order, pursuant to 15 U.S.C. § 1116(a), requiring Love & Bikinis to, within

thirty (30) days after the entry and service on Love & Bikinis of the injunction, file with this

Court and serve on Hunza G's counsel a report in writing and under oath setting forth in detail

the manner and form in which Love & Bikinis has complied with the injunction.

D.      An order finding that Love & Bikinis has created a false designation of origin and

false representation of association in violation of 15 U.S.C. § 1125(a).

E.      An order finding that Love & Bikinis has engaged in false advertising in violation

of 15 U.S.C. § 1125(a).

F.      An order finding that Love & Bikinis has engaged in common law trademark

infringement.

G.      An order finding that Love & Bikinis has engaged in common law unfair

competition.

US-DOCS\164946651.1

H.    An order awarding Hunza G damages as follows:

    1.    Hunza G's actual damages, as well as all of Love & Bikinis' profits or gains of any kind from its acts of false designation of origin, unfair competition, and false advertising including an enhancement of those damages, pursuant to 15 U.S.C. § 1117(a); and

    2.    Punitive damages pursuant to New York common law.

I.    An order, pursuant to 15 U.S.C. § 1117(a), finding that this is an exceptional case and awarding Hunza G its reasonable attorneys' fees and all of its costs, disbursements, and other expenses incurred due to Love & Bikinis' unlawful conduct.

J.    An order awarding Hunza G pre-judgment interest.

K.    An order awarding Hunza G such other relief as the Court deems just and appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Hunza G demands a trial by jury.

Dated:  October 14, 2025

Respectfully submitted,

By: */s/ Tayler Woelcke*

Tayler Woelcke
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200 / (212) 751-4864 Fax
*tayler.woelcke@lw.com*

- and -

Jennifer L. Barry (*pro hac vice* to be filed)
Melanie J. Grindle (*pro hac vice* to be filed)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA  92130
(858) 523-5400 / (858) 523-5450 Fax
*jennifer.barry@lw.com*
*melanie.grindle@lw.com*

*Attorneys for Plaintiff*
*Hunza G Limited*

30